

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Claud Wolf
County Auditor
Howard County
Big Spring, Texas

Dear Sir:

Opinion No. O-3207
Re: Is it mandatory that the
commissioners' court of
any county set aside any por-
tion of any taxes of the coun-
ty for the specific purpose
of doing individual farm ter-
racing or conturing with road
machinery owned by the county
for the purpose of maintain-
ing and building county roads?

Your recent request for an opinion of this Department on
the above stated question has been received.

We quote from your letter as follows:

"Please render me your opinion as to whether
or not it is mandatory that the Commissioners Court
of any County to set aside any portion of any taxes
of the County for the specific purpose of doing in-
dividual farm terracing or conturing with road
machinery owned by the County for the purpose of
maintaining and building county roads."

Article 165a-5, Vernon's Annotated Civil Statutes reads
as follows:

"The Commissioners' Court in any County having
a population of not less than two hundred ninety
thousand (290,000) and not more than three hundred
twenty thousand (320,000), according to the last
United States Census may, by an order duly entered
upon the minutes of said court, rent or let, di-
rect to any landowner in said County, any tractor

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Claud Wolf, page 2

grader, machinery or equipment belonging to said County, to be used by said landowner exclusively upon land situated in said County, in the construction of terraces, dikes and ditches for the purpose of soil conservation and soil erosion prevention and for the purpose of constructing water tanks and reservoirs; provided that no such tractor, grader, machinery or equipment shall be rented or let at a time when the County is using or in the need of the use of the same, and provided further, that the amount to be paid by the landowner to the County for the use of such tractor, grader, machinery or equipment shall be agreed upon by the Commissioners' Court and the landowner and shall be specified in the order renting or letting the same."

Article 2372c, Vernon's Annotated Civil Statutes, reads as follows:

"Sec. 1. The widespread and rapid extension of soil erosion upon our agricultural and other lands, causing the irreparable waste of soil fertility, and loss of productive power, must be recognized as the gravest menace to the continuing usefulness of this greatest of our natural resources; and as vitally affecting conditions fundamental in the economic well-being of the people.

"Sec. 2. The State must recognize its responsibility, as the representative of the people, for the conservation of resources essential in the production of necessary agricultural products, and the promotion of the public welfare; and must provide, by uniform policies, for the cooperation in the discharge of such responsibility, of all constitutional subdivisions of the State.

"Sec. 3. The Counties of the State are hereby declared to have the authority to employ, or permit to be employed, any road construction or other machinery or road equipment in the service of soil conservation and prevention of soil waste through erosion, whenever in the judgment of the County Commissioners' Court, entered upon the Minutes of the Court, such machinery or equipment is not demanded for the service of building and the upkeep of the roads of the County; and shall provide for compensation to the County Road Fund, or the road funds of any defined district or authorized subdivision in the County, for such employment of road equipment.

"Sec. 4. In the public service of conserving the soil fertility of the lands of the County, the Commissioners' Courts shall have the authority to cooperate with the land owners and taxpayers of the County in all judicious efforts for the preservation of the productiveness of the soil from avoidable waste, and loss of productiveness of agricultural crops necessary to the public welfare, through permission to use the machinery and equipment that may be made available by the County for such purposes under written contract, and the County shall receive from such landowners and taxpayers compensation, upon such uniform basis as may be deemed equitable, and proper, for the co-operation extended and services rendered, all such compensation or funds to the County to be paid into the Road and Bridge Fund of the County; and the County Commissioners' Court may provide for payments from landowners and taxpayers of the County at such stated intervals and in such amounts, as and when the County taxes are collected, as may be equitable, for the use of the equipment for the protection of lands against continuing immeasurable injury through soil erosion; provided that the Commissioners' Court or representative thereof shall not go upon the land of any owner to improve, terrace, protect, or ditch such land until requested to do so in writing by such owner; and provided further, that the Commissioners' Court or representative thereof shall not be required to do such improving, terracing, protecting, and ditching unless such Court shall determine that such work is of some public benefit and said Court elects to do the work.'

Howard County has a population of 20,990 inhabitants according to the 1940 Federal Census. Therefore, Article 165a-5, is not applicable to said county. Article 2372c, supra, authorizes the various counties through their commissioners' courts to employ, or permit to be employed, any road construction or other machinery or road equipment in the service of soil conservation and prevention of soil waste through erosion, whenever in the judgment of the county commissioners' court, entered upon the minutes of the court such machinery and equipment is not demanded for the service of building and the upkeep of the roads of the county. The various commissioners' courts shall also provide for compensation to the county road fund, or the road funds of any defined district or authorized subdivision in the county, for such employment of road equipment.

Article 2372c, further provides that the commissioners' court or any representative thereof shall not go upon the land of any owner to improve, terrace, protect, or ditch such land until requested to do so in writing by such owner. The commissioners'

Honorable Claud Wolf, page 4

court may provide for payments from landowners and taxpayers in the county at such stated intervals and such amounts, as and when the county taxes are collected, as may be equitable for the use of the equipment for the protection of lands against injury through soil erosion.

We quote from 11 Tex. Jur. 565 as follows:

"Counties, being component parts of the State, have no powers or duties except those which are clearly set forth and defined in the Constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' courts, the medium through which the different counties act, and from those statutes must come all the authority vested in the counties.

"Commissioners' courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of the respective counties and that their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of the State * * *"

After a careful search of the statutes, we have been unable to find any statute that either expressly or by implication authorizes the commissioners' court of any county to set aside any portion of any taxes of the county for the specific purpose of doing individual farm terracing or conturing with road machinery owned by the county for the purpose of maintaining and building county roads. Therefore, the above stated question is respectively answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:js

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN